IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NICKERSON,<br><br>      Petitioner,<br><br>  vs.<br><br>DAVE DAVEY, Acting Warden, California State Prison-Corcoran,<br><br>      Respondent. | No. 2:13-cv-00214-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 20] |

  At Docket No. 20, Joshua Nickerson, a state prisoner proceeding *pro se*, filed a letter dated June 30, 2014, requesting an extension of time to file a reconsideration motion and appointment of counsel. This Court denied Nickerson habeas relief and a certificate of appealability on May 30, 2014. Docket Nos. 18, 19.

  Because Nickerson seeks reconsideration of this Court's final order denying him relief, it appears that Nickerson is requesting an extension of time to file a motion under either Rule 59(e) [motion to amend judgment] or 60(b) [relief from a final judgment] of the Federal Rules of Civil Procedure. However, Rule 6(b)(2) explicitly provides "a court must not extend the time to act" under Rules 59(e) and 60(b). FED. R. CIV. P. 6(b)(2). Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). The deadline for filing a Rule 59(e) motion has thus passed, and this Court is without power to extend it. A motion for relief from a final judgment under Rule 60(b), however, "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). Nickerson therefore may still timely file a Rule 60(b) motion seeking reconsideration of this Court's order.

Nickerson also requests the appointment of counsel to represent him in filing his motion as well as "any future claims and or argu[]ments." Docket No. 20. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). Because this case has been fully briefed and adjudicated on the merits, and the Court determined that no Certificate of Appealability should be granted, this Court does not so determine.

**IT IS THEREFORE ORDERED THAT** the motion for an extension of time and for appointment of counsel at Docket No. 20 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*

*v. Cockrell*, 537 U.S. 322, 327 (2003))).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: July 18, 2014.

   /s/James K. Singleton, Jr.   <br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge