IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA NICKERSON,

               Petitioner,

        vs.

DAVE DAVEY, Acting Warden, California
State Prison-Corcoran,

             Respondent.

No. 2:13-cv-00214-JKS

ORDER
[Re: Motion at Docket No. 21]

At Docket No. 21, Joshua Nickerson, a state prisoner proceeding *pro se*, filed a letter
dated July 8, 2014, requesting an extension of time to file a request for a certificate of
appealability. This Court denied Nickerson habeas relief and a certificate of appealability on
May 30, 2014. Docket Nos. 18, 19. It appears that Nickerson seeks an extension of time to file a
request for a certificate of appealability from the Ninth Circuit Court of Appeals. The record
indicates, however, that Nickerson has not yet filed a notice of appeal with this Court, which is
the first step required for appealing from this Court's denial of his habeas petition. *See* FED. R.
APP. P. 4(a)(1)(A). A notice of appeal from a judgment rendered under 28 U.S.C. § 2254 must
be filed within 30 days after entry of the judgment. *Id.* Because more than 30 days have elapsed
since this Court denied Nickerson habeas relief, this Court will construe Nickerson's motion as a
request for an extension of time to file a notice of appeal.

Federal Rule of Civil Procedure 4(a)(5) provides that the Court may extend the time to
file a notice of appeal when two conditions are met. First, the motion seeking an extension must
be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a)
(in this case, the request for an extension must be made within 60 days after the judgment was

entered because the time originally prescribed by Rule 4(a) is 30 days).  FED. R. APP. P.

4(a)(5)(A)(i).  Second, the party seeking the extension must show "excusable neglect or good

cause."  FED. R. APP. P. 4(a)(5) (A)(ii).  In any event, no extension under Rule 4(a)(5) may

exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days

after the date when the order granting the motion is entered, whichever is later.  FED. R. APP. P.

4(a)(5)(C).

　　　Where, as here, the court is presented with a timely motion to extend the time to file a

notice of appeal, the court has "wide discretion as to whether to excuse" the delay in filing the

notice of appeal.  *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc).  Nickerson

states only that he "ha[s] not had the proper amount of time in the law library to prepare [his]

arguments."  Docket No. 21 at 1.

　　　The Court applies the "excusable neglect" standard "in situations in which there is fault;

in such situations, the need for an extension is usually occasioned by something within the

control of the movant."  FED. R. APP. P. 4(a)(5)(A)(ii), advisory committee's note, 2002

amendment.  The court weighs four factors to determine whether excusable neglect has been

shown, including:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its
> potential impact on judicial proceedings, (3) the reason for the delay, including whether it
> was within the reasonable control of the movant, and (4) whether the moving party's
> conduct was in good faith.

*Pincay*, at 855.

　　　Although Nickerson had access to the prison law library during the thirty-day period

following entry of judgment and therefore control over his ability to prepare and submit the

notice of appeal, the Court finds that the factors to be considered when applying the excusable

neglect standard weigh in favor of Nickerson.  Accordingly, Nickerson's motion for an extension of time will be granted.  The Court notes, however, that Federal Rule of Appellate Procedure Rule 3(c)(1) indicates that a notice of appeal need only include "the party or parties taking the appeal by naming each one in the caption or body of the notice," "the judgment, order, or part thereof being appealed," and "the court to which the appeal is taken."  FED. R. APP. P. 3(c)(1).

The Court further notes that any further relief, including an application for a certificate of appealability, must be requested from the Ninth Circuit Court of Appeals.  The Ninth Circuit may issue a certificate of appealability only if Nickerson makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Nickerson must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (citation and internal quotation marks omitted)

**IT IS THEREFORE ORDERED THAT** the motion for an extension of time at Docket No. 21 is **GRANTED**.  Nickerson shall have 14 days, or up to and including August 5, 2014, to file a notice of appeal with this Court.

Dated: July 22, 2014.

     /s/James K. Singleton, Jr.
     JAMES K. SINGLETON, JR.
     Senior United States District Judge